**ORIGINAL**

FILED
DISTRICT OF WYOMING
CHEYENNE

2002 DEC 12  AM 10: 06

U.S. DISTRICT CLERK
COURT

J. Douglas McCalla
Kent W. Spence
Spence, Moriarity & Shockey, LLC
15 South Jackson Street
P.O. Box 548
Jackson, Wyoming 83001
Telephone:   307-733-7290
Facsimile:    307-733-5248

Attorneys for Plaintiffs

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF WYOMING

| | |
|---|---|
| BENNIE LEE LEWELLING and MICHAEL DALE LEWELLING, Individually, </br></br>and</br></br>MICHAEL DALE LEWELLING as ADMINISTRATOR of the ESTATE of KAREN MARIE LEWELLING, and on HIS OWN BEHALF,</br></br>Plaintiffs,</br></br>v.</br></br>SIMON CONTRACTORS, INC., a Wyoming Corporation</br></br>and</br></br>ANDERSON HIGHWAY SIGNS & SUPPLY, INC. d/b/a ANDERSON SIGNS & SUPPLY, a Wyoming Corporation</br></br>Defendants. | **02 CV 221D**</br></br>Civil Action No._____ |

Receipt # 299306
Summons: 2 issued
         ___ not issued

Complaint - Page 1

# COMPLAINT

Plaintiffs, by and through their attorneys, J. Douglas McCalla and Kent W. Spence, Spence, Moriarity and Shockey, LLC, plead and allege their causes of action against the Defendants as follows:

## I.
### Parties and Nature of The Case

1. Plaintiff Bennie Lewelling, at all times pertinent to the allegations of this Complaint, is a resident of the State of New Mexico.

2. Plaintiff Michael Lewelling, at all times pertinent to the allegations of this Complaint, is a resident of the State of New Mexico.

3. Plaintiff Michael Lewelling was duly appointed as Administrator of the estate of Karen Lewelling, deceased.

4. Plaintiff Michael Lewelling brings this action as the Administrator of the estate of Karen Lewelling, deceased, and on his own behalf.

5. Defendant Simon Contractors, Inc. is a Wyoming corporation with its principal place of business in the State of Wyoming.

6. Defendant Anderson Signs & Supply is a Wyoming corporation with its principal place of business in the State of Wyoming.

7. Plaintiffs Bennie Lewelling and Michael Lewelling were injured when a vehicle in which they were passengers collided with a bridge abutment at mile marker 131.59, in a construction zone, on Interstate 25 south of Douglas, Wyoming.

8. Plaintiff Michael Lewelling's spouse, Karen Lewelling, died instantly at the scene of the above-mentioned accident.

## II.
## Jurisdiction & Venue

9. Plaintiffs allege and incorporate Paragraphs 1 through 8, inclusive, of this Complaint, as if set forth in full in this Paragraph 9.

10. This action is brought pursuant to 28 U.S.C. §1332. The parties are citizens and residents of different states, thereby effectuating complete diversity. The amount in controversy exceeds the jurisdictional floor of seventy-five thousand dollars ($75,000.00), as set forth in 28 U.S.C. §1332, exclusive of costs and interest.

11. Pursuant to 28 U.S.C. §1391, the proper venue for this cause of action is the United States District Court for the District of Wyoming. The claims arose in this judicial district and the acts and omissions complained of occurred within the District of Wyoming.

## III.
## Facts Common To All Claims For Relief

12. Plaintiffs allege and incorporate Paragraphs 1 through 11, inclusive, of this Complaint, as if set forth in full in this Paragraph 12.

13. At the time of the accident, Interstate 25 between Glendo and Douglas, Wyoming was under construction. Vehicles traveling both northbound and southbound on Interstate 25 were routed into the northbound lane of

Interstate 25 from approximately mile marker 126 to mile marker 135. This section of highway is unlighted.

14. Defendant Simon Contractors, Inc., at all times pertinent to the facts in this Complaint, was contracted by the Wyoming Department of Transportation to perform road and bridge construction on a section of Interstate 25 between Glendo and Douglas, Wyoming. This construction project, of approximately eight miles in length, is known as Federal Project IM-25-3 (91) 127 and State Project ARSCT-25-3 (91) 127 COMBINED.

15. Defendant Anderson Highway Signs & Supply, Inc., at all times pertinent to the facts in this Complaint, was subcontracted by Simon Contractors, Inc. to perform signage and traffic control on the above project.

16. On or about October 29, 2001, Plaintiff Bennie Lewelling was a passenger in the front passenger seat of a 1999 Mercury Tracer traveling south on Interstate 25, south of Douglas, Wyoming. Plaintiff Michael Lewelling was a passenger in the right rear seat, and his spouse, Karen Lewelling, was a passenger in the rear seat on the driver's side. The vehicle was driven by Cindy Samet.

17. After the vehicle passed Douglas, Wyoming, highway signage directed the driver of the vehicle into the northbound lane of Interstate 25.

18. At the time of the accident, Defendant Simon Contractors, Inc. had paved or otherwise laid black asphalt or oil upon the dirt area between the northbound and southbound lanes, creating the appearance of a continuous roadway, without delineating lines or other necessary signage.

19. As the driver neared mile marker 131.59, the vehicle began traveling in the black median separating the northbound and southbound lanes on Interstate 25.

20. At mile marker 131.59 Interstate 25 becomes a bridge that passes over a service road, SRI-25-#0108. As the vehicle approached this bridge the vehicle was traveling in the black median separating the northbound and southbound lanes of Interstate 25. The vehicle continued for approximately one hundred (100) feet, passing between the bridge guardrails.

21. The vehicle became airborne over the service road separation and traveled approximately sixty-two (62) feet in the air before colliding with the bridge abutment on the East side of Interstate 25. The bridge abutment is located more than fourteen (14) vertical feet below Interstate 25.

22. Plaintiff Michael Lewelling's decedent, Karen Lewelling, died instantly at the scene of the accident.

23. Plaintiff Bennie Lewelling was extricated from the front passenger seat of the vehicle by the Douglas Fire Department.

24. Plaintiff Michael Lewelling was extricated from the right rear seat of the vehicle by the Douglas Fire Department.

25. Plaintiffs Bennie and Michael Lewelling, were transported by ambulance to Memorial Hospital of Converse County for care of injuries sustained in this accident.

26. Plaintiff Bennie Lewelling was transported by Wyoming Life Flight helicopter from Memorial Hospital of Converse County to Wyoming

Medical Center in Casper, for specialized surgical and orthopedic care not available at Memorial Hospital of Converse County.

27. Plaintiff Michael Lewelling was transported by ambulance from Memorial Hospital of Converse County to Wyoming Medical Center in Casper, for specialized surgical and orthopedic care not available at Memorial Hospital of Converse County.

28. Defendant Simon Contractors is a corporation, and as such can only act through its agents, servants and / or employees. Under the legal concepts of *respondeat superior* and vicarious liability Defendant Simon Contractors is responsible for the acts and omissions of its agents, servants, and / or employees.

29. Defendant Anderson Signs & Supply is a corporation, and as such can only act through its agents, servants and / or employees. Under the legal concepts of *respondeat superior* and vicarious liability Defendant Anderson Signs & Supply is responsible for the acts and omissions of its agents, servants, and / or employees.

30. As a direct and proximate cause and result of Defendants' acts and omissions, Plaintiff Michael Lewelling's decedent suffered fatal injuries for which Defendants are liable; said injuries are more particularly set forth below in the section of this Complaint entitled "Damages."

31. As a further direct and proximate cause and result of Defendants' acts and omissions, Plaintiffs Bennie and Michael Lewelling suffered personal injuries and damages for which Defendants are liable; said injuries are

more particularly set forth below in the section of this Complaint entitled "Damages."

## IV.
### First Cause of Action
### Negligence

32. Plaintiffs allege and incorporate Paragraphs 1 through 31, inclusive, of this Complaint, as if set forth in full in this Paragraph 32.

33. On October 16, 2001, a vehicle driven by Carl Failla became airborne and crashed at the same location, milepost 131.59, at approximately the same time of night, and under the same or similar circumstances. Defendants knew, or should have known, of Mr. Failla's vehicle accident and failed to prevent, warn or otherwise act in a reasonable manner to prevent future accidents at this location.

34. At the time and place of the events described herein, Defendants owed a duty of reasonable care to Plaintiff Michael Lewelling's decedent and to Plaintiffs Bennie and Michael Lewelling to avoid causing the death of Plaintiff's decedent and the personal injuries to Plaintiffs.

35. Defendants Simon Contractors and Anderson Signs & Supply were negligent. Such negligent acts and / or omissions include, but are not limited to, the following:

   a. failure to properly sign the construction area in which the accident occurred;

   b. failure to light the construction area in which the accident occurred;

    c. failure to warn drivers of unsafe conditions in the construction area where the accident occurred;

    d. failure to properly delineate driving lanes in the construction area where the accident occurred;

    e. failure to erect proper barricading to prevent vehicles from traveling in an unsafe area that appeared to be roadway;

    f. failure to properly hire, train and supervise employees, agents, and / or servants of defendants;

    g. failure to properly oversee employees, agents, and / or servants of defendants;

    h. failure to inspect work performed by employees, agents, and / or servants of defendants;

    i. failure to comply with the State of Wyoming contract for performing highway construction in the area where the accident occurred;

    j. failure to meet the standards of care requisite in the industry for highway construction and work zone safety.

36. As a direct and proximate cause of Defendants' acts and omissions Plaintiff Michael Lewelling's decedent suffered fatal injuries for which Defendants are liable. Plaintiff's damages are more fully set forth under "Damages" below.

37. As a direct and proximate cause of Defendants' acts and omissions Plaintiffs Bennie and Michael Lewelling suffered personal injuries for

which Defendants are liable. Plaintiffs' damages are more fully set forth under "Damages" below.

## V.
## Second Cause of Action
## Negligent Infliction of Emotional Harm

38. Plaintiffs allege and incorporate Paragraphs 1 through 37, inclusive, of this Complaint, as if set forth in full in this Paragraph 38.

39. At the time and place of the events described herein, Defendants owed a duty of reasonable care to Plaintiff Michael Lewelling to avoid causing injury to him.

40. Plaintiff Michael Lewelling was married to Karen Lewelling, who died at the scene of the above-mentioned accident.

41. Plaintiff Michael Lewelling was seated next to Karen Lewelling at the time of her death, and was witness to his wife's death.

42. Plaintiff Michael Lewelling was extremely distraught by the death of his wife.

43. Plaintiff Michael Lewelling was trapped in the vehicle and was forced to remain in the presence of the body of his deceased wife until such time as he could be extricated from the vehicle.

44. As a direct and proximate cause of Defendants' acts and omissions Plaintiff Lewelling suffered extreme emotional distress for which Defendants are liable. Plaintiff's damages are more fully set forth under "Damages" below.

## VI.
### Third Cause of Action
### Punitive Damages

45. Plaintiffs allege and incorporate Paragraphs 1 through 44, inclusive, of this Complaint, as if set forth in full in this Paragraph 45.

46. The negligence and carelessness of the Defendants was so gross and culpable in nature that such acts and / or omissions constitute recklessness and wantonness in complete disregard for the safety of others, and specifically in complete disregard for the lives and safety of Bennie Lewelling, Michael Lewelling and Karen Lewelling. As a result of the gross negligence, reckless, willful, and wanton conduct of the Defendants, Plaintiffs are entitled to recover exemplary, and punitive damages. Punitive and exemplary damages are warranted in this action as a punishment to the Defendants for their reckless and wanton acts and as a deterrent to the Defendants and others for committing the same or similar actions and endangering the general safety of the public.

47. Defendants Simon Contractors and Anderson Signs & Supply had knowledge of facts regarding an accident that occurred at the same location under the same or similar circumstances on October 16, 2001, or intentionally avoided learning knowledge of such facts, or recklessly disregarded those facts, which created a high degree of risk of harm to the substantial interest of Bennie Lewelling, Michael Lewelling and Karen Lewelling. Defendants deliberately proceeded to act in conscious disregard of or indifference to the risk to the public, or recklessly

        proceeded in an unreasonable disregard of or indifference to the risk to the public.

48.    As a direct and proximate cause and result of the gross negligence, reckless, willful and wanton conduct of Defendants, Plaintiffs are entitled to recover actual, exemplary and punitive damages as set forth below in the section of this Complaint entitled "Damages."

## VII.
### Fourth Cause of Action
### Loss of Consortium

49.    Plaintiffs allege and incorporate Paragraphs 1 through 48, inclusive, of this Complaint, as if set forth in full in this Paragraph 49.

50.    At the time and place of the events described herein, Defendants breached their duty of reasonable care to Plaintiff Michael Lewelling, which resulted in damages.

51.    Prior to the accident described herein Michael Lewelling enjoyed all of the benefits of a marital relationship with his wife, Karen Lewelling. This relationship was abruptly terminated with Karen Lewelling's unexpected death and permanently deprived Michael Lewelling of the companionship, care, comfort, advice, society and consortium of his wife.

52.    As a direct and proximate cause and result of the negligence of Defendants, Michael Lewelling has suffered damages for the loss of companionship, care, comfort, advice, society and consortium for which Defendants are liable; said injuries are more particularly set forth below in the section of this Complaint entitled "Damages."

## VIII.
## Damages

53. Plaintiffs allege and incorporate Paragraphs 1 through 52, inclusive, of this Complaint, as if set forth in full in this Paragraph 53.

54. As a direct and proximate cause and result of the carelessness, negligence, gross negligence, and reckless and wanton acts of Defendants Simon Contractors and Anderson Signs & Supply, Plaintiff Michael Lewelling's decedent suffered fatal injuries.

55. As a further direct and proximate cause and result of the wrongful death of Plaintiff's decedent, Michael Lewelling has suffered and will continue to suffer extreme mental anguish and emotional pain and suffering.

56. As a further direct and proximate cause and result of the wrongful death of Plaintiff's decedent, Michael Lewelling, as Administrator of the estate of Karen Lewelling has incurred an amount to be proven at trial for funeral and burial expenses.

57. As a further direct and proximate cause and result of the wrongful death of Plaintiff's decedent, Michael Lewelling has incurred the loss of companionship, care, comfort, advice, society and consortium from the date of Plaintiff's decedent's death and for the remainder of what would have been her natural life in an amount to be proven at trial.

58. As a further direct and proximate cause and result of the wrongful death of Plaintiff's decedent, Michael Lewelling has incurred the loss of his wife

Karen Lewelling's earnings and earning capacity for the remainder of her expected productive life in an amount to be proven at trial.

59. As a further direct and proximate cause and result of the wrongful death of Plaintiff's decedent, Michael Lewelling is entitled to punitive and exemplary damages in a reasonable amount sufficient to adequately punish Defendants Simon Contractors and Anderson Signs & Supply and to dissuade future conduct of the type alleged in this Complaint; and

60. Michael Lewelling, as Administrator of the estate of Karen Lewelling, deceased, and as a result of the wrongful death of Karen Lewelling, is entitled to the costs of this action and for other further relief as the Court deems equitable and proper.

61. As a further direct and proximate cause and result of the negligent acts and omissions of Defendants, Plaintiffs Bennie and Michael Lewelling have incurred the following damages:
    a. Personal injury, pain, suffering, disfigurement, scarring, humiliation, loss of enjoyment of life, and embarrassment;
    b. severe mental trauma and emotional distress;
    c. past and future pain and suffering;
    d. past and future medical expenses;
    e. past and future lost wages;
    f. past and future loss of earning capacity;
    g. as well as other damages to be proven at trial.

62. Plaintiffs Bennie and Michael Lewelling, as a result of the personal injuries sustained in the accident described herein, are entitled to punitive and

exemplary damages in a reasonable amount sufficient to adequately punish Defendants Simon Contractors and Anderson Signs & Supply, and to dissuade future conduct of the type alleged in this Complaint; and

63. All allowable costs, expenses and fees associated with this litigation.

WHEREFORE, Plaintiffs respectfully pray this Court enter its judgment against Defendants in an amount supported by the allegations in this Complaint, as well as for costs and expenses and such further relief as the Court deems equitable and proper.

DATED this 11th day of December 2002.

SPENCE, MORIARITY & SHOCKEY, LLC

BY: _____
J. Douglas McCalla
Kent W. Spence
P.O. Box 548
15 South Jackson Street
Jackson, WY 83001
(307) 733-7290
(307) 733-5248 Facsimile

Attorneys for Plaintiffs

## DEMAND FOR JURY TRIAL

COMES NOW the plaintiffs, by and through counsel Spence, Moriarity & Shockey, LLC, and requests this matter be tried to a jury and submits the requisite fee herewith.

DATED this 11th day of December, 2002.

_____
J. Douglas McCalla
SPENCE, MORIARITY & SHOCKEY